**Anthony DIXON, Plaintiff–Appellant,**

v.

**John M. PITCHFORD, et al., Defendants–Appellees.**

**No. 87–2243.**

United States Court of Appeals, Seventh Circuit.

Submitted March 17, 1988.

Decided April 7, 1988.

---

Anthony Dixon, pro se.

Diane Curry–Grapsas, Office of Ill. Atty. Gen., Chicago, Ill., for defendants-appellees.

Before CUMMINGS, POSNER and EASTERBROOK, Circuit Judges.

EASTERBROOK, Circuit Judge.

Anthony Dixon, a state prisoner, contends that prison officials violated his rights under the Cruel and Unusual Punishments Clause of the eighth amendment (as applied to the states by the Due Process Clause of the fourteenth) in two ways: by permitting another prisoner to attack him, and by tarrying in providing medical attention. He sought leave to proceed in the district court without prepayment of costs, see 28 U.S.C. § 1915(a), and the district court granted this motion in part. The court thought the medical care portion of the suit frivolous and declined to permit Dixon to proceed further on this claim, but thought the attack portion more substantial and ordered the defendants to be served with process. The court later granted summary judgment to the defendants on the attack claim. When Dixon asked for leave to proceed on appeal without prepayment of costs, the district court bifurcated the case in the same way, writing:

> [P]laintiff is denied leave to proceed on appeal *in forma pauperis* on his second claim that the defendants displayed deliberate indifference to serious medical needs in violation of his Eighth Amendment rights. The plaintiff at most alleges only medical malpractice which does not state a cause of action under 42 U.S.C. § 1983. *See Estelle v. Gamble*, 429 U.S. [97,] at 104–105 [97 S.Ct. 285, at 291, 50 L.Ed.2d 251 (1976)].

Section 1915(a) and Fed.R.App.P. 24(a) permit a district court that initially granted leave to proceed in forma pauperis to block an appeal by "certif[ying] in writing that it is not taken in good faith." The district court did not use the statutory words, but

we shall interpret its finding as meant to invoke that power.

■ Dixon has asked us to appoint counsel to represent him on appeal. Before we can act on this motion, however, we must know what is pending on our court. Is it the attack claim alone, or both claims of the suit? The district court permitted Dixon to present only the former, but we believe he may pursue both.

Section 1915 and Rule 24 are the pertinent texts. Each speaks of a judge authorizing a "suit, action or proceeding" (§ 1915) or "an action" (Rule 24)—thus referring to a case, a single judicial unit. Neither statute nor rule suggests that a court may grant leave to proceed on one claim of a suit but not on another. The power to deny leave to proceed in forma pauperis if the court certifies that the appeal is frivolous also deals with the case as a whole: § 1915(a) speaks of "[t]he appeal" and not of a particular argument on appeal.

There is a good reason for this. Permission to proceed in forma pauperis is nothing but permission to proceed "without prepayment of fees and costs or security therefor", § 1915(a). The costs are taxed at the end of the case, § 1915(e), so if the plaintiff prevails he never has to pay, and if he loses he is obligated to pay when he acquires the funds to do so. The pertinent "cost" is the docketing fee for the notice of appeal—a fee that is the same no matter how many claims the appellant asserts. To grant leave to appeal on one issue without prepayment of the docketing fee is to grant leave to appeal on all issues; so long as there is only one fee per case, rather than a fee for each issue, it is not logically possible to slice the case the way the district court did.

Section 1915(b) gives the district court authority to provide transcripts and other tools without prepayment of costs, and this power might be employed issue-by-issue. After a trial on the merits the court might decide that there is some point to preparing the transcript testimony bearing on one issue, but that preparation of the whole transcript would be a waste of money. Cf. *United States v. MacCollom*, 426 U.S. 317,

96 S.Ct. 2086, 48 L.Ed.2d 666 (1976) (discussing parallel provision in 28 U.S.C. § 753(f)). A few courts have intimated that § 1915(b) furnishes power to examine "issues" independently of "cases". E.g., *Reese v. Ricketts*, 534 F.2d 1180 (5th Cir. 1976). There is no square holding; indeed, no opinion discusses the question. Beyond this point no appellate decision has gone— at least, none we have been able to find.

A practical consideration reinforces the conclusion that § 1915(a) makes the case rather than the claim the appropriate unit of decision. *Smith v. Chrans*, 836 F.2d 1076 (7th Cir.1988), holds that in collateral attacks on criminal convictions, district courts must grant or deny certificates of probable cause to appeal the case as a whole, not particular claims. We observed that if a district court grants a certificate on part of the case, then the appeal will be heard and on top of that there will be a motions practice directed to the enlargement of the number of issues. *Id.* at 1079–80. We believed it better to consider all issues, given that the case would be heard, than to squander time figuring out just which issues would be entertained. After all, if a claim is frivolous (as it must be to justify the denial of leave to appeal in forma pauperis), it can be handled quickly on the merits. The total investment of time to dispose of the whole case is less if all issues are appealable (without a separate motions practice) than if the court tries to figure out which issues are substantial enough to proceed further.

■ We therefore conclude that neither § 1915(a) nor Rule 24(a) permits a court to carve an issue out of a case while granting leave to appeal without prepayment of costs. Both issues are before this court on Dixon's appeal.

■ This does not lead us to appoint counsel for Dixon, however. He has ably presented his case so far. Neither of the two claims before the court requires substantial legal research. The district court's opinions cover the ground, and Dixon is capable of presenting to us the facts that he believes relevant to his situation. Since both claims are fact-specific, counsel would

not materially assist the court. The motion for appointment of counsel is denied. The case will proceed to briefing and decision in the ordinary course, on both issues.