**Raymond MACK, Plaintiff,**

v.

**James BUTLER, et al., Defendants.**

**No. 89 C 4310.**

United States District Court,
N.D. Illinois, E.D.

Aug. 23, 1990.

Raymond Mack, pro se.

## MEMORANDUM OPINION AND ORDER

LEINENWEBER, District Judge.

Plaintiff Raymond Mack brings this action pursuant to 42 U.S.C. § 1983 ("§ 1983") seeking damages and other relief against three Chicago police detectives and two private citizens. Briefly stated, the complaint challenges Mack's arrest and his treatment during the investigation at the police station immediately following his arrest. The complaint is before the court on a motion for leave to file in forma pauperis. Because the complaint contains both frivolous and nonfrivolous claims, the court must attempt to reconcile conflicting threads of law in the Seventh Circuit.

■ Because Mack is seeking leave to file this action without prepayment of the filing fee, the court has authority to review the substantive merits of his complaint under 28 U.S.C. § 1915(a) and deny him leave to file if it determines the action is friv-

olous under 28 U.S.C. § 1915(d) ("§ 1915(d)"). *See Smith–Bey v. Hospital Administrator*, 841 F.2d 751, 757 (7th Cir. 1988). The standard for frivolousness is now settled. Under *Neitzke v. Williams*, 490 U.S. 319, 109 S.Ct. 1827, 1831, 104 L.Ed.2d 338 (1989), a complaint is frivolous "where it lacks an arguable basis either in law or fact."

■ Mack's claim against the police is not wholly without arguable merit. His claims against defendants Laurie Brown and Cassandra Lambert, however, are frivolous as a matter of law. Mack alleges only that these defendants participated in lineup identifications that were biased against him. This claim lacks arguable merit for two reasons. First, the right to be free from a suggestive lineup is intended to protect the right to fair trial and is not separately actionable as a constitutional violation under § 1983. *Hensley v. Carey*, 818 F.2d 646, 649 (7th Cir.), *cert. denied*, 484 U.S. 965, 108 S.Ct. 456, 98 L.Ed.2d 395 (1987). Second, as private citizens, these defendants' mere participation in the investigation of possible criminal misconduct on the part of Mack does not meet the color of state law requirement essential to a viable claim under § 1983. *See Johnson v. Miller*, 680 F.2d 39, 40–41 (7th Cir.1982); *Grow v. Fisher*, 523 F.2d 875, 879 (7th Cir.1975). Given the clear lack of colorable merit to the claims against Brown and Lambert, the logical step would appear to be for the court to summarily dismiss under § 1915(d) the claims against these defendants and allow Mack to proceed separately with his claims against the police. A recent Seventh Circuit opinion, however, requires the court to examine the propriety of this procedure.

■ In *Dixon v. Pitchford*, 843 F.2d 268 (7th Cir.1988), a district court judge granted a plaintiff leave to file in forma pauperis only as to certain claims. The nonfrivolous claims were later dismissed on a summary judgment motion. When plaintiff appealed, the judge denied him leave to appeal in forma pauperis as to those claims that he had dismissed at the filing stage and grant-

ed him leave to file in forma pauperis as to the remainder. The Seventh Circuit disapproved of this procedure. After reviewing the language of the relevant statutes and considering the practicalities of using a total case approach, it concluded that it was error for the district court "to carve an issue out of a case while granting leave to appeal without prepayment of costs." *Id.* at 270.

The issue here is not whether a district court can restrict an indigent's right to appeal in forma pauperis only as to certain issues, but rather whether it can sort through the complaint and deny plaintiff leave to file only as to those claims that lack arguable merit. *Dixon* therefore is not controlling. Nonetheless, read broadly, the language and portions of the court's analysis in *Dixon* would appear to foreclose such a procedure. *Dixon*, in part, relied on the language of § 1915 and construed its reference to "suit, action or proceeding" as suggesting that the court had power only to grant leave to proceed on the case as a whole. *Id.* Other Seventh Circuit cases, however, have implicitly sanctioned the piecemeal determination method followed by the district court in *Dixon*.

In *Smith–Bey, supra,* the Seventh Circuit considered the appeal from the denial of an inmate's motion for leave to file in forma pauperis under § 1915(d). The complaint contained two counts. In reversing the district court, the court found that plaintiff's claims in both counts were nonfrivolous. It further determined, however, that the complaint failed to present an arguable basis for relief against some of the defendants identified in connection with one count of the complaint because those defendants were not in any way responsible for the deprivations alleged. It therefore reversed and remanded to the district court with explicit instructions that plaintiff "should only be allowed to pursue his claims against those individuals" who were actually involved in the claim. 841 F.2d at 760.

The piecemeal approach to in forma pauperis review at the filing stage also was approved implicitly by the Seventh Circuit

in *Williams v. Faulkner*, 837 F.2d 304 (7th Cir.1988), *aff'd sub nom. Neitzke v. Williams*, 490 U.S. 319, 109 S.Ct. 1827, 104 L.Ed.2d 338 (1989). The prisoner in that case also appealed the § 1915(d) *sua sponte* dismissal of a complaint raising two separate claims. The court affirmed the district court's finding of frivolousness as to one claim, but found the allegations of the complaint sufficient to show arguable merit with respect to the other. It further found that plaintiff had alleged insufficient facts to proceed with his claim as to three defendants named in connection with his nonfrivolous claim. *Id.* at 308. Based on these findings, it affirmed portions of the district court's order denying plaintiff leave to proceed in forma pauperis and reversed and remanded for further proceedings only as to the nonfrivolous claims. *Id.* at 309. If the in forma pauperis statute only permits an all-or-nothing approach to filing as *Dixon* suggests, then *Williams* would have had to remand with instructions to permit plaintiff to proceed on his total case rather than just one portion of one claim. Its partial affirmance indicates that the court has more power to weed through a complaint under § 1915(d) at filing than on appeal.

Perhaps even more compelling is the Supreme Court's apparent ratification of the piecemeal approach to § 1915(d) review at the filing stage in its affirmance of *Williams* in *Neitzke*. In detailing the court's power to apply § 1915(d) to complaints of indigents seeking leave to file in forma pauperis, the Court repeatedly refers to a judge's authority to dismiss a frivolous claim. For example, the Court stated that "[t]o prevent such abusive or captious litigation, § 1915(d) authorizes federal courts to dismiss a *claim* filed in forma pauperis 'if the allegation of poverty is untrue, or if satisfied that the action is frivolous or malicious.'" 109 S.Ct. at 1831 (emphasis added). And at another point the court remarked that "the statute accords judges not only the authority to dismiss a *claim* based on an indisputably meritless legal theory, but also the unusual power to pierce the veil of the complaint's factual allegations and dismiss those *claims* whose factual contentions are clear-

ly baseless." *Id.* at 1833 (emphasis added). This court reads the Court's choice of the word claim rather than complaint or action to signify approval of a procedure that permits a partial denial of an application for leave to file in forma pauperis. The court therefore concludes that *Dixon* does not require the court to allow Mack to proceed with his claim against the private defendants simply because his complaint contains other claims that meets the minimum threshold of arguable merit.

*Dixon* is distinguishable on another ground. It based its decision, in part, on practical considerations with respect to appeal procedures. 843 F.2d at 270. From the perspective of the appeals court, it was easier and more efficient to consider all the issues in the case at one time and avoid having to entertain separate motions seeking to enlarge the scope of appellate review. As this case so readily demonstrates, the practical considerations at the district court level are far different.

To require the district court to allow a case to proceed in toto if a single claim has arguable merit would needlessly thwart the intent behind § 1915(d). "Section 1915(d) is designed largely to discourage the filing of, and waste of judicial and private resources upon, baseless lawsuits that paying litigants generally do not initiate...." *Neitzke,* 109 S.Ct. at 1832–22. The court does not think that this policy is well-served if a plaintiff can haul any prospective defendant into court merely by asserting one colorable claim in the complaint. The need for protection from frivolous claims is particularly acute in cases such as this where a pro se prisoner is seeking to sue the victim of his crime or some other innocent private citizen who aided police in the investigation that resulted in the plaintiff prisoner's conviction. While most defendants in inmate § 1983 suits are public officials who do not have to pay for representation from their own pockets [1], that is not always the case. If the court were to

permit Mack to proceed with his claim against Lambert and Brown, they presumably would have to search out and hire counsel to respond to the complaint. The court sees no reason to put them to this expense. Given the different practicalities involved at the filing stage of·in forma pauperis review and the language in *Neitzke, Williams,* and *Smith– Bey,* it concludes that § 1915(d) gives the district court authority to deny an indigent leave to file and proceed in forma pauperis as to certain defendants or discrete claims in the complaint.

Accordingly, for the reasons stated, the court finds that Mack does not allege an arguable claim for relief against defendants Brown and Lambert. The court therefore denies his motion for leave to file and proceed in forma pauperis on his claims against them. The court grants Mack leave to file and proceed in forma pauperis as to his claim against the three remaining defendants and directs the Clerk to issue summons for service of the complaint on them. Plaintiff is instructed to file all papers concerning this action with the Clerk of Court in care of the Prisoner Correspondent. In addition, plaintiff must send an exact copy of any filing to defendants or, if represented by counsel, to counsel for defendants. Plaintiff must include on the original filing a certificate of service stating to whom exact copies were mailed and the date of mailing. Any paper that is sent directly to the judge or otherwise fails to comply with these instructions may be disregarded by the court and returned to plaintiff. The United States Marshals Service is directed to send USM–285 forms to plaintiff so that he may provide the information necessary for the marshal to serve defendants with process.

IT IS SO ORDERED.

---

**1.** Even in these cases, the whole case approach of *Dixon* is not without its costs. As in *Smith– Bey,* pro se litigants untutored in law frequently will file a complaint against a large number of defendants, many of whom have no direct or relevant relation to the claims underlying the complaint. A United States marshal is responsible for serving defendants in a pauper's case. Fed.R.Civ.P. 4(c)(2)(B)(i). Thus, allowing a plaintiff to proceed against all defendants when the claims against many are not at all viable is a needless waste of governmental resources.