914 F.2d 260
 Unpublished Disposition
NOTICE: Seventh Circuit Rule 53(b)(2) states unpublished orders shall not be cited or used as precedent except to support a claim of res judicata, collateral estoppel or law of the case in any federal court within the circuit.
Harry Lawrence WILLIAMS, Plaintiff-Appellant,
v.
John T. SHETTLE, individually and in his official capacity
of Commissioner, Indiana Department of Correction and Edward
L. Cohn, individually and in his official capacity of
Superintendent, Indiana State Reformatory, Defendants-Appellees.
 No. 89-2730.
 United States Court of Appeals, Seventh Circuit.
 Submitted June 28, 1990.*
Decided Sept. 21, 1990.
 
 Before POSNER, MANION and KANNE, Circuit Judges.
 
 ORDER
 
 1
 Plaintiff-appellant Harry L. Williams, a prisoner incarcerated at Indiana State Reformatory, filed a claim pursuant to 42 U.S.C. Sec. 1983 seeking declaratory and injunctive relief and damages from defendants Shettle and Cohn in their individual and official capacities. The gravamen of the complaint was that defendants were unconstitutionally interfering with Williams' right to marry by requiring his fiance to attend counseling sessions in order for Williams to receive prison consent to the marriage. Williams asserted that defendants' actions violated the first amendment as interpreted in Turner v. Safley, 482 U.S. 78 (1987), as well as the fourteenth and eighth amendments. In addition to damages, Williams requested that the court enter judgment granting declaratory relief and an injunction which would require defendant Cohn to permit the marriage and prevent defendants from retaliating against Williams or from retaining a record of the suit in prison files.
 
 
 2
 Defendants responded in their answer by offering to approve Williams' application for marriage without requiring that his fiance undergo counseling if Williams would resubmit his application.[1] Subsequently, the defendants filed a motion for judgment on the pleadings, arguing that Williams' plea for injunctive and declaratory relief was mooted by their offer. Defendants argued that Williams sought approval of his marriage without the counseling requirement, and that he received that relief in their offer. The district court granted the motion, but construed it as a motion for summary judgment because the court considered evidence outside the pleadings. In deciding the motion, the court held that the claim for injunctive and declaratory relief was moot because defendants' statement in the answer provided that relief to plaintiff, and dismissed the claims accordingly. In later proceedings, the court dismissed the damages claim against defendants in their individual capacities on grounds of qualified immunity, and dismissed the damages claims against them in their official capacities under the Eleventh Amendment. Within ten days Williams filed a motion to vacate the judgment which the district court denied.
 
 
 3
 As an initial matter we must determine whether Williams has in forma pauperis ("ifp ") status on appeal. On July 24, 1989, the district court entered an order denying Williams' motion to vacate the judgment. Williams filed a notice of appeal on August 11, 1989, which the district court "construed liberally" as an implied request to proceed on appeal ifp. The district court found no change in financial circumstances, but declared that the request should be denied because an appeal would not be taken in good faith.
 
 
 4
 Under Fed.R.App.P. 24, a party granted ifp status in the district court retains that status on appeal unless the district court certifies that the appeal is not taken in good faith, in which case the district court must state in writing the reasons for the certification. In this case, the district court recognized that requirement, and reaffirmed the reasoning in its order of July 24, 1989[2] as support for its ifp decision. The July 24, 1989, order relied on to satisfy that requirement discussed whether the defendants had modified their policy or made an exception in plaintiff's case. That order did not discuss the merits of the original mootness claim, nor did it mention the qualified immunity or Eleventh Amendment claims. Therefore, the July 24 order arguably stated the reasons why an appeal of the motion to vacate would be frivolous, but it did not provide any justification for precluding review of the underlying claims. In Dixon v. Pitchford, 843 F.2d 268 (7th Cir.1988), we held that a district court cannot deny leave to proceed ifp regarding one issue, but must deny it for the case as a whole or not at all. As a result, we hold that the district court's order of July 24 failed to satisfy the requirement of Rule 24 because the court did not state in writing the reasons for the finding regarding all of the issues. Because ifp status was never properly withdrawn by the district court, Williams retained that status on appeal. Fed.R.App.P. 24.
 
 
 5
 Turning to the merits, we first address the court's dismissal of the claims for injunctive relief. The court held that all of the claims for injunctive and declaratory relief were moot as a result of the prison's agreement that Williams' fiance would not be required to undergo counseling. This concession moots Williams' request for an injunction requiring Cohn to permit the marriage, because the counseling requirement was the only obstacle to the permission for the marriage. The other claims for injunctive and declaratory relief, however, seek to prohibit the defendants from retaliating against Williams for the suit and to require that all reference to the suit be removed from the prison files. Those claims are not mooted by the prison concession, because by their nature they encompass actions that may occur after the marriage request is granted. Although those claims are not moot, the district court nevertheless properly dismissed them because they are meritless. Williams provides no evidence in the record from which the district court could conclude that he would be subject to retaliation because he filed the suit or that inclusion of the suit in his prison record would adversely affect him. Because the claims for injunctive relief were either moot or without basis, the district court properly entered summary judgment for defendants on the injunctive claims.
 
 
 6
 The court also granted summary judgment in favor of defendants on the damages claims against defendants in their individual and official capacities. The court held that the defendants had qualified immunity regarding the damages claims in their individual capacities, and that the Eleventh Amendment prevented Williams from receiving benefits from defendants in their official capacities.
 
 
 7
 Qualified immunity prevents Williams from receiving damages from defendants unless defendants' actions violated a well-recognized statutory or constitutional right. Harlow v. Fitzgerald, 457 U.S. 800, 818 (1982). Defendants argue that the proper focus is on whether they violated an established constitutional right when they required Williams' fiance to attend a meeting to determine the logistics of the wedding. They argue that because the requirement of a counseling session was dropped after the suit was filed, the qualified immunity determination should not focus on whether the counseling requirement violated a well-recognized right. This argument is disingenuous. Defendants cannot render themselves immune from damages for unconstitutional actions by simply agreeing to change their conduct after the victim files suit. The proper focus of an immunity claim is whether the actions which formed the basis of the complaint violated a well-recognized constitutional or statutory right. Therefore, the immunity determination hinges upon whether the counseling requirement violated a well-recognized constitutional right.
 
 
 8
 Williams relies upon the Supreme Court decision in Turner v. Safley, 482 U.S. 78 (1987), as establishing a constitutional right which defendants allegedly violated. That case was decided after Williams' initial application to be married, but prior to the initiation of the suit. The record contains some evidence indicating that Williams informed defendants of that case and that defendants continued to require Williams' fiance to attend the counseling sessions. In Turner, the Court held that prisoners had a constitutional right to marry, and that regulations interfering with that right must be reasonably related to penological interests. 482 U.S. at 89. The Court also held that such regulations would not be upheld if obvious, easy alternatives existed which would not result in a violation of the right to marry. 482 U.S. at 90. Although Turner clarifies the right to marry retained by prisoners, it does not define what regulations would be reasonably related to penological interests. In Turner, the regulation at issue effectively prevented all female prisoners from obtaining permission to marry except in cases of pregnancy or birth of an illegitimate child. That regulation was struck down because it was unrelated to security interests and because the rehabilitation interests proffered by the prison were not reasonably related to the regulation. In addition, the Court held that less restrictive regulations could satisfy any legitimate interests which the prison possessed. The Turner decision does not explicitly invalidate counseling requirements, and its application to this case is not so straightforward that it can be said to clearly establish the invalidity of such requirements. We do not imply with this holding that Turner will not operate to preclude counseling requirements such as this one, but only that its application to that context is not so obvious that it can be said to constitute clearly established constitutional law. Because defendants' actions did not violate established statutory or constitutional rights, the district court properly held that the defendants were immune from damages in their individual capacities.
 
 
 9
 The district court also rejected Williams' claim for damages against defendants in their official capacity. The Eleventh Amendment precludes an award of damages against a state under Sec. 1983 absent state consent to the damages. Quern v. Jordan, 440 U.S. 332 (1979). Moreover, damages against state officials acting in their official capacities are considered damages against the state itself. Hadi v. Horn, 830 F.2d 779, 782-83 (7th Cir.1987). Therefore, because Indiana has not consented to damages in Sec. 1983 actions, see Ind. Code 34-4-16.7-3 (1982), no damages may be awarded against the defendants acting in their official capacities. Accordingly, the decision of the district court is
 
 
 10
 AFFIRMED.
 
 
 
 *
 After preliminary examination of the briefs, the court notified the parties that it had tentatively concluded that oral argument would not be helpful to the court in this case. The notice provided that any party might file a "Statement as to Need of Oral Argument." See Fed.R.App.P. 34(a); Circuit Rule 34(f). No such statement having been filed, the appeal has been submitted on the briefs and record
 
 
 [1]
 Williams had withdrawn his application when he filed suit in the district court
 
 
 [2]
 The district court actually referred to its order of July 24, 1988, but the only order of July 24 in the record is the one of 1989. Because that was the last order entered in the case, the court presumably meant the order of 1989