Modesto **ARROYO**, Petitioner,

v.

**UNITED STATES of America,**
Respondent.

No. 94–C–495.
Crim. No. 90–CR–143.

United States District Court,
E.D. Wisconsin.

Feb. 15, 1995.

Modesto Arroyo, pro se.

Stephen J. Liccione, Asst. U.S. Atty., Milwaukee, WI, for U.S.

### MEMORANDUM AND ORDER

WARREN, Senior District Judge.

Before the Court is prisoner Modesto Arroyo's *pro se* Motion to Proceed on Appeal *In Forma Pauperis* in the above-captioned matter. For the following reasons, his petition must be denied.

### I. BACKGROUND FACTS

On October 16, 1990, Arroyo pleaded guilty to one count of conspiring to possess and to distribute cocaine. 21 U.S.C. §§ 841(a)(1), 846. On January 11, 1991, this Court sentenced him to eighty-seven (87) months imprisonment, making an upward departure from the Sentencing Guidelines. Under the Sentencing Guidelines, Arroyo was placed in Criminal History Category I and given an offense level of twenty-six (26) for an imprisonment range of 63–78 months. The Court, however, concluded that Criminal History Category I did not adequately reflect the seriousness of Arroyo's past criminal conduct. As noted in our January 4, 1994 Order denying Arroyo's first § 2255 petition,

> "At the time of sentencing, a question arose as to whether the defendant was the same Modesto Arroyo who was subject to an arrest warrant in New York City on charges of possession and sale of crack cocaine. The defendant swore that he had never been involved in cocaine trafficking before his present offense, but did not deny that he was the man sought by the New York District Attorney's office. Had Mr. Arroyo been convicted of the charges in New York, his criminal history category would have increased from I to II; however, because the defendant had not actually been found guilty, his criminal history category remained at I.

The Court found that Mr. Arroyo's criminal history category was underrepresented by his actual criminal record and therefore made an upward departure from the applicable guideline range. In doing so, the Court acknowledged that the United States had not shown, beyond a reasonable doubt, that Mr. Arroyo was the individual who had failed to appear in New York. Nevertheless, it found that the evidence presented at the hearing was sufficiently reliable to warrant an upward departure. It considered Mr. Arroyo's equivocal explanation of his prior cocaine involvement, then concluded that he did not warrant an

acceptance of responsibility reduction and that his criminal history category did not adequately reflect his escapades in New York.

After Mr. Arroyo was sentenced, the charges against him in New York were dropped. Assistant District Attorney Nancy Killian explained what led to the cases [sic] dismissal in an affidavit:

> 'My office decided not to extradite the defendant in part because he was serving a lengthy sentence in federal custody. Furthermore, our office decided to dismiss the case based on the fact of his federal sentence and because we elected not to respond to the defendant's suppression motion. As a result of our default on Mr. Arroyo's suppression motion, the motion was granted. I cannot state whether the decision of our office not to respond to the suppression motion was the result of the relative merit of the motion, the fact of Mr. Arroyo's long incarceration in federal prison, or some combination thereof.' "

It was also established that Arroyo had jumped bond in New York.

Arroyo did not appeal his conviction or his sentence. Instead, on July 22, 1992, he filed *pro se* a Motion to Vacate, Correct, or Set Aside his Sentence pursuant to 28 U.S.C. § 2255. In his petition, Arroyo argued that his due process rights were violated when the Court construed his arrest as a criminal conviction and sentenced him as a second offender; he also claimed that the Court relied upon materially false information in imposing sentence. Relying on *United States ex rel. Welch v. Lane*, 738 F.2d 863 (7th Cir.1984), this Court denied his petition because he failed to prove that we relied on inaccurate information at sentencing; alternatively, we ruled that he had waived his claim by failing to file a direct appeal. Arroyo appealed this decision, raising two new claims: (1) that the Court's upward departure from the guidelines without providing sufficient reasons or giving proper notice to the defendant was clearly erroneous under 18 U.S.C. § 3553, and (2) that defense counsel's performance at the trial and appellate levels constituted ineffective assistance of

counsel. The Seventh Circuit affirmed our decision, finding that he did not state adequate cause for his failure to appeal his underlying claim, and that he waived his remaining claims by failing to raise them before the district court.

On May 6, 1994, Arroyo filed a second § 2255 motion, claiming that (1) he received ineffective assistance of counsel because his attorney failed to appeal his sentence despite his contrary instructions and failed to review the presentence report with him "at a reasonable time before sentencing," and (2) his due process rights were violated because the Court upwardly departed from the Sentencing Guidelines without giving him prior notice. According to Arroyo, he failed to raise the first claim in his first § 2255 petition because (1) his attorney "misguided" him by indicating that he had, in fact, appealed Arroyo's sentence, and (2) he was ignorant of the law. Arroyo indicated that he failed to raise the second claim because "it is based on a changed circumstances." On October 20, 1994, the Court denied this motion, finding that Arroyo, by failing to show good cause for omitting these claims from his first § 2255 petition or establishing actual prejudice, had abused the writ under Rule 9(b), Rules Governing Section 2255 Proceedings ("Rule 9(b)"), and *McCleskey v. Zant*, 499 U.S. 467, 493–95, 111 S.Ct. 1454, 1470, 113 L.Ed.2d 517 (1991). Arroyo filed both his Notice of Appeal and the instant motion on January 27, 1995.

## II. STANDARD OF REVIEW

■ The federal *in forma pauperis* statute, 28 U.S.C. § 1915, is designed to insure that indigent litigants have meaningful access to the federal courts. *Neitzke v. Williams*, 490 U.S. 319, 324, 109 S.Ct. 1827, 1831, 104 L.Ed.2d 338 (1989). As a result, it allows an indigent party to commence an action in federal court, without costs and fees, upon submission of an affidavit asserting an inability "to pay such costs or give security therefor" and stating "the nature of the action, defense or appeal and the affiant's belief that he is entitled to redress." 28 U.S.C. § 1915(a).

■ Recognizing that some nonpaying litigants may attempt to abuse this privilege,

however, Congress also authorized the courts to dismiss such a case "if the allegation of poverty is untrue, or if satisfied that the action is frivolous or malicious." 28 U.S.C. § 1915(d). An action is considered frivolous if there is no arguable basis for relief either in law or fact, *Denton v. Hernandez*, 504 U.S. 25, 31–32, 112 S.Ct. 1728, 1733, 118 L.Ed.2d 340 (1992); *Neitzke*, 490 U.S. at 325, 109 S.Ct. at 1831–32, and, as long as the suit is not frivolous or malicious, a district court should grant the petitioner's request. *Free v. United States*, 879 F.2d 1535, 1536 (7th Cir.1989). While a district court may dismiss that part of the complaint it finds frivolous and allow the plaintiff to proceed *in forma pauperis* through trial on non-frivolous claims only, *House v. Belford*, 956 F.2d 711, 718–19 (7th Cir.1992), "if the district court grants *in forma pauperis* status *on appeal* for one issue, it must grant such status on all issues." *Dixon v. Pitchford*, 843 F.2d 268, 270 (7th Cir.1988) (emphasis added).

In making such determinations, the Court is obliged to give the plaintiff's *pro se* allegations, however unartfully pleaded, a liberal construction, *Hughes v. Rowe*, 449 U.S. 5, 9–10, 101 S.Ct. 173, 175–76, 66 L.Ed.2d 163 (1980) (per curiam); *Haines v. Kerner*, 404 U.S. 519, 520–21, 92 S.Ct. 594, 595–96, 30 L.Ed.2d 652 (1972); *Caldwell v. Miller*, 790 F.2d 589, 595 (7th Cir.1986); *Bates v. Jean*, 745 F.2d 1146, 1150 (7th Cir.1984), and must accept well-pleaded factual allegations as true. However, under 28 U.S.C. § 1915(d), even *pro se* allegations are required to contain at least "some minimum level of factual support," *White v. White*, 886 F.2d 721, 724 (4th Cir.1989), and persons should not be allowed to proceed *in forma pauperis* if their claims are so lacking in specific facts that the Court must invent factual scenarios which cannot be inferred from the pleadings. *Smith–Bey v. Hospital Adm'r*, 841 F.2d 751, 758 (7th Cir.1988).

## III. *DISCUSSION*

Federal Rule of Appellate Procedure 24(a) ("Rule 24(a)") provides, in relevant part, that "[a] party to an action in a district court who desires to proceed on appeal in forma pauperis shall file in the district court a motion for leave so to proceed, together with an affidavit, showing ... the party's inability to pay fees and costs or to give security therefor, the party's belief that that party is entitled to redress, and a statement of the issues which that party intends to present on appeal. If the motion is granted, the party may proceed without further application to the courts of appeals and without prepayment of fees or costs in either court or the giving of security therefor. If the motion is denied, the district court shall state in writing the reasons for the denial ...

If a motion for leave to proceed on appeal in forma pauperis is denied by the district court, or if the district court shall certify that the appeal is not taken in good faith or shall find that the party is otherwise not entitled to proceed in forma pauperis, the clerk shall forthwith serve notice of such action ..."

Arroyo's motion is deficient under Rule 24(a) for several reasons. First of all, it is incomplete; he has only submitted to the Court the first page of a two-page form document used to file such a request. As a result, his affidavit of indigence is incomplete and he has failed to provide a Certificate of Prisoner Accounts signed by prison authorities. The Court, therefore, is unable to determine whether he meets the statutory poverty requirement under § 1915(a). In addition, he does not state in the designated section of his motion the issues which he intends to appeal; while the docket sheet indicates that he filed such a statement in a separate document, he has not provided this Court with a copy of that submission. Finally, and perhaps most importantly, it is nevertheless clear, despite these deficiencies, that any attempt by Arroyo to appeal any claim addressed by this Court in our October 20, 1994 Order would be frivolous for at least two reasons.

First of all, for the same reasons cited in our October 20, 1994 Order, we remain convinced that none of Arroyo's claims may be brought in this, his second, § 2255 proceeding. As we then noted, Rule 9(b) authorizes a district court judge to dismiss a sec-

ond or successive § 2255 motion upon finding "that it fails to allege new or different grounds for relief and the prior determination was on the merits *or, if new and different grounds are alleged, the judge finds that the failure of the movant to assert those grounds in a prior motion constituted an abuse of the procedure governed by these rules.*" (Emphasis added). In such circumstances, the movant bears the burden of disproving abuse of the writ; "to excuse his failure to raise the claim earlier, he must show cause for failing to raise it and prejudice therefrom as those concepts have been defined in" *Wainwright* and its progeny. *McCleskey v. Zant,* 499 U.S. 467, 493–95, 111 S.Ct. 1454, 1470, 113 L.Ed.2d 517 (1991).[1]

■■■ As an initial matter, we concluded that Arroyo failed to show good cause for failing to raise any of his new claims in his first § 2255 petition. We first noted that his ineffective assistance of counsel claim was based on his lawyer's purported failure to appeal his sentence and failure to review with him his presentence report. But, even assuming the truthfulness of Arroyo's claim that his attorney told him that his appeal had been submitted to and denied by the Seventh Circuit, Arroyo had adequate time to investigate the basis for denial of his "appeal" because his initial § 2255 petition was filed one and one-half years after his sentence was imposed. As suggested in *McCleskey*, it is incumbent on plaintiffs to thoroughly investigate all potential claims before bringing a § 2255 petition upon penalty of waiver; this ensures the integrity and efficiency of post-conviction procedures. By failing to adequately research every basis for bringing a § 2255 request, prisoners like Arroyo risk waiving neglected claims. It remains difficult for this Court to believe that Arroyo's attorney lied to him by suggesting that he

had unsuccessfully appealed his sentence; it is even harder to believe that Arroyo would go through the time and expense of filing a § 2255 petition *without reviewing the Seventh Circuit's decision denying the appeal which he believed had been filed.* As noted in our previous order, a reasonable person would clearly have sought out the appellate opinion to determine which issues remained viable for purposes of filing a petition for post-conviction relief. Furthermore, while Arroyo stated in his second § 2255 petition that he first became aware of his attorney's purported misrepresentation "when the government filed an answer to his first 2255 petition, which asserted that Arroyo 'made no attempt to raise this error through an appeal after his conviction and sentencing,'" he raised no objection to his attorney's performance in his reply to the government's answer and, in fact, argued that he "has presented a showing of good cause for not pursuing this matter on direct appeal *due to counsel's advice.*" (Emphasis added). In his first § 2255 petition, then, Arroyo, acknowledged awareness of his failure to appeal his sentence; this is why we concluded in our October 20, 1994 Order that the lack of truthfulness exhibited by Arroyo at his sentencing continues to this day. We remain convinced that, because Arroyo clearly was (or should have been) aware that he did not directly appeal his sentence, he is precluded from establishing cause for failing to bring his ineffective assistance of counsel claim in his initial § 2255 petition.

■■■ The Court is also satisfied that he cannot establish good cause for failing to present his other new grounds for post-conviction relief in his initial § 2255 petition. He claimed that he did not timely challenge his attorney's failure to review with him his presentence report because he was "ignorant

---

1. We recognized in our October 20, 1995 Order that, pursuant to *McCleskey*, the government typically bears the burden of pleading abuse of the writ, which it satisfies by noting "with clarity and particularity" the movant's prior writ history and the claims that appear for the first time. *McCleskey,* 499 U.S. at 493–95, 111 S.Ct. at 1470. However, we did not read *McCleskey* as precluding a district court, in appropriate circumstances, from raising abuse of the writ *sua sponte* for purposes of Rule 4(b) and 9(b) analy-

sis, as a contrary understanding would impose unnecessary and purposeless burdens on the government, a result inimical to the policies underlying both rules. *See, e.g., Liss v. United States,* 915 F.2d 287, 290 (7th Cir.1990) (noting that summary dismissal of § 2255 motions under Rule 4(b) is encouraged where it will enhance "the chief virtues of the justice system—speed, economy and finality"). *Accord Delgado v. United States,* 936 F.2d 303, 309 (7th Cir.1991).

to the law." As noted in our previous order, however, ignorance of the law provides no excuse for failing to timely bring post-conviction claims for relief, as prospective petitioners are clearly and explicitly warned to include each and every conceivable basis for relief in their initial filing. Finally, his claim that the Supreme Court decided subsequent to the filing of his initial § 2255 petition that it is a due process violation for a court to upwardly depart from the Sentencing Guidelines without providing reasonable notice to the defendant is simply wrong. We previously noted the Seventh Circuit's statement in affirming this Court's denial of Arroyo's initial § 2255 petition:

> "In *Burns v. United States*, [501 U.S. 129, 137–39] 111 S.Ct. 2182, 2187 [115 L.Ed.2d 123] (1991), the Supreme Court held that a district court could depart upward *sua sponte* for reasons not identified either in the presentence report or in a prehearing submission by the Government only if the parties were given reasonable notice that the district court was contemplating such action. *The Court did not decide whether failure to give notice was a constitutional violation under the Due Process Clause.* Even if notice is constitutionally required such that the claim is cognizable on a § 2255 motion, *Belford* [v. United States], 975 F.2d [310] at 313 [ (7th Cir.1992) ], Arroyo failed to raise the issue in his § 2255 motion before the district court. Thus, to the extent Arroyo stated a claim under § 2255, it is waived."

*Arroyo v. United States*, 12 F.3d 1100 (7th Cir.1993) (emphasis added). Arroyo, of course, filed his first § 2255 petition on July 22, 1992, over one year after *Burns* was decided. Therefore, even though he chose to forego his right to a direct appeal, he could have argued in his first petition that *Burns* should be applied retroactively to his case. Again, his failure to do so, absent good cause, precludes him from bringing this claim in a subsequent § 2255 proceeding.

■ Finally, we remain convinced that, even assuming that Arroyo could show good cause for failing to bring these grounds for post-conviction relief in his initial § 2255 petition, he cannot establish actual prejudice. As to his ineffective assistance of counsel claim based on the failure to appeal his sentence, it seems clear that Arroyo could not meet the extremely high burden of proving that his attorney "made errors so serious that he was not functioning as the 'counsel' guaranteed by the Sixth Amendment," and that he was prejudiced by this deficiency. *Strickland v. Washington*, 466 U.S. 668, 687, 104 S.Ct. 2052, 2064, 80 L.Ed.2d 674; *Hollenback v. United States*, 987 F.2d 1272, 1275 (7th Cir.1993). The Court is satisfied that Arroyo's attorney, unable to predict the result in *Burns*, acted reasonably in recommending to his client that the Court's sentence would withstand appellate review. As to his ineffective assistance of counsel claim based on his attorney's purported failure to review with him the presentence report, Arroyo himself acknowledged at sentencing that he had had the entire report read to him "carefully and slowly," that he understood the report, and that he did not object to the accuracy of any statements in the report. *See* Tr. at 5. His attorney also stated that he had talked to Arroyo about the report and that Arroyo indicated that he understood it and that it was factually correct. *See* Tr. at 4. The Court also took a recess during sentencing where Arroyo and his attorney further discussed the presentence report. *See* Tr. at 17. Again, his attorney acted reasonably in ensuring that Arroyo understood the information contained in the presentence report. Finally, as to Arroyo's *Burns* claim, it seems clear that retroactive application on collateral review of *Burns*, which was decided on June 17, 1991, to his sentencing, which occurred on January 11, 1991, would be precluded under *Teague v. Lane*, 489 U.S. 288, 109 S.Ct. 1060, 103 L.Ed.2d 334 (1989) and its progeny (assuming that *Burns* did, in fact, announce a constitutional rule of criminal procedure) as a case dictating a new rule of law. For all of these reasons, it is clear that Arroyo is not entitled to post-conviction relief in federal court; as a result, his petition for *in forma pauperis* status on appeal must be denied.

■ The second reason that any appeal by Arroyo would be frivolous is even more fundamental. In his Notice of Appeal, Arroyo asserts that his "[a]ppeal may be filed

within 90 days from date of final judgment." Under Federal Rule of Appellate Procedure 4(a), however, a party appealing a civil matter as of right must file a Notice of Appeal "within 30 days after the date of entry of the judgment or order appealed from; but if the United States or an officer or agency thereof is a party, the notice of appeal may be filed by any party within 60 days after such entry." As previously indicated, Arroyo's second § 2255 petition was denied on October 20, 1994; Arroyo, however, filed his Notice of Appeal ninety-nine (99) days later, on January 27, 1995. Because he missed the sixty (60) day deadline, he appears to have waived his right to appeal. Again, his appeal has no merit.

## IV. CONCLUSION

For the foregoing reasons, Arroyo's *pro se* Motion to Proceed on Appeal *In Forma Pauperis* in the above-captioned matter is DENIED, and Arroyo is hereby notified that, pursuant to Rule 24(a), he may refile this motion with the Seventh Circuit within thirty (30) days of service of this decision should he continue to seek *in forma pauperis* status. Under Rule 24(a), such a motion must be accompanied by a fully completed affidavit of indigence and a copy of this decision.

**SO ORDERED.**