Luigi **AIELLO** and Larry George, Plaintiffs–Appellants,

v.

Phil **KINGSTON**, et al., Defendants–Appellees.

No. 90–1617.

United States Court of Appeals, Seventh Circuit.

Submitted Oct. 10, 1991.

Decided Nov. 13, 1991.

---

Luigi E. Aiello, pro se.

Larry George, pro se.

Richard Perkins, Asst. Atty. Gen., Wisconsin Dept. of Justice, Madison, Wis., for defendants-appellees.

Before BAUER, Chief Judge, and EASTERBROOK and MANION, Circuit Judges.

EASTERBROOK, Circuit Judge.

Two inmates of a Wisconsin prison contend that the Constitution entitles them to buy lottery tickets. The district court summarily dismissed the complaint as frivolous. We remanded in an unpublished order, holding that because *Williams v. Manson*, 499 F.Supp. 773 (D.Conn.1980), had held that the equal protection clause requires states to allow prisoners to buy and possess lottery tickets, the complaint was not so weak that it could be rebuffed under the standards of *Neitzke v. Williams*, 490 U.S. 319, 109 S.Ct. 1827, 104 L.Ed.2d 338 (1989).

As our mandate directed, the district court allowed plaintiffs to proceed *in forma pauperis* under 28 U.S.C. § 1915(a). (Though one wonders: If plaintiffs have money to spend on the lottery, do they not have money to pay the docket fee?) The court limited that status to plaintiffs' claims under the equal protection clause, the subject of *Williams*. Although the plaintiffs argued that the no-lottery-ticket rule also violates the first amendment, the district judge denied leave to proceed *in forma pauperis* with respect to that issue. The foundation of this approach is a belief that leave to proceed without prepayment of fees may be granted or denied issue-by-issue, rather than case-by-case.

*Dixon v. Pitchford*, 843 F.2d 268 (7th Cir.1988), holds that an order denying leave to appeal *in forma pauperis* under § 1915(a) must speak to the case as a unit, not to particular issues or arguments. *Dixon* rests on two considerations: first that § 1915(a) authorizes the commencement of a "suit, action or proceeding" without prepayment of costs, and second that costs on appeal vary with the case rather than the issue (the docketing fee does not increase with the number of issues). These observations are almost as pertinent to filings in the district court as to filings on appeal. We say "almost" because, although the language of § 1915(a) governs in both courts, the need to serve defendants with process means that it may be more costly to add an additional claim. A complaint may include claims against multiple defendants. Fed.R.Civ.P. 18, 20. Although Fed.R.Civ.P. 21 allows a court to sever claims that are logically distinct, a rule requiring the judge to grant or deny leave to proceed *in forma pauperis* at the outset for whatever claims the plaintiff chooses to lump together (say, a fourth amendment claim against the arresting officers and an eighth amendment claim against the guards at the prison) could lead to unnecessary proceedings.

■ Chief Judge Crabb has declined to apply *Dixon* to complaints filed in the district court because of her concern that *Dixon*, coupled with our rule that the defendants must be served with process as soon as an order granting leave under § 1915(a) issues, see *Wartman v. Branch 7 of Milwaukee County Court*, 510 F.2d 130 (7th

Cir.1975), could impose needless costs on persons against whom the complaint states no colorable claim. *Holm v. Haines,* 734 F.Supp. 366 (W.D.Wis.1990). Can this concern be accommodated to the language of § 1915(a)? The answer is yes, if we understand by "proceeding" any claim sufficiently distinct that it could be severed and pursued independently under Rule 21, occasioning additional costs that a solvent plaintiff must prepay (such as the expense of serving process on an additional party). There would be no point in requiring a district judge to issue an order under Rule 21, producing two "cases", and then make disparate provisions with respect to prepayment of costs. When, however, the complaint states multiple theories of relief against the same defendants, there is a single "suit, action or proceeding". The district judge must grant or deny leave to proceed without prepayment of costs with respect to all claims in such a complaint, for the additional theories of liability produce no incremental costs that solvent persons would have to prepay. Although this approach burdens defendants with the need to respond to some additional theories of relief, "our role ... is not to make policy, but to interpret a statute." *Neitzke,* 490 U.S. at 326, 109 S.Ct. at 1832.

A word is in order about § 1915(d), the subsection at issue in *Neitzke.* Section 1915(d) allows the court to "dismiss the case if the allegation of poverty is untrue, or if satisfied that the action is frivolous or malicious." Is "the action" identical to "the case"? If there is a difference—if "action" means "claim for relief" (the modern term for "cause of action")—then it is possible to use § 1915(d) to weed out feeble theories even though § 1915(a) requires the court to address the case as a unit. Some language in *Neitzke* supports such a view. The Court remarked, 490 U.S. at 324, 109 S.Ct. at 1831, that § 1915(d) "authorizes federal courts to dismiss a claim" that is frivolous or malicious. Of course the meaning of "action" in § 1915(d) was not before the Court in *Neitzke,* cf. *id.* at 322 n. 1, 109 S.Ct. at 1830 n. 1, and casual language does not settle interpretive difficulties. The possibility that "action" in § 1915(d) means "cause of action" rather than "case" reinforces our conclusion that § 1915(a) is best understood to allow district courts to carve off at least some claims before service of process. The district court did not invoke § 1915(d) explicitly in this case, and the parties have not discussed it, so we do not essay a definitive resolution. It is enough to say that the potential equation between "action" and "claim for relief" counsels against standing on technicalities. If the district court carves out of a case a claim that is frivolous or malicious, the choice between doing so before or after allowing the plaintiff to proceed *in forma pauperis* does not call for reversal.

■ Plaintiffs invoked the first amendment and the equal protection clause as alternative theories in support of a single claim for relief. There is only one "suit, action or proceeding". Once the district court granted the motion to proceed *in forma pauperis* with respect to the equal protection argument, there were no incremental costs of adding other legal arguments, and thus no need for a further ruling concerning the prepayment of these costs. Accordingly, the district court erred in treating the first amendment argument as if it were a separate suit in which prepayment of costs could be required. The mistake is not significant, however, for the first amendment claim is so weak that it flunks even the *Neitzke* standard. (The equal protection theory is defunct. Nine months after the district court's decision, *Hatch v. Sharp,* 919 F.2d 1266 (7th Cir. 1990), rejected *Williams* and sustained Illinois's exclusion of lottery tickets from prisons.)

■ Lottery tickets are commerce, not speech. Inmates may *say* all they want about lotteries (or prison rules about lotteries), but the first amendment has no more to do with buying lottery tickets than with buying chocolate from the prison commissary. Plaintiffs say that they wish to express their love for their family by sending lottery tickets. What you can do with your possessions (give them away to loved ones, throw them through windows with mes-

sages attached) does not transmute into speech the commercial transactions by which possessions are acquired. Cf. *Posadas de Puerto Rico Associates v. Tourism Co. of Puerto Rico,* 478 U.S. 328, 345, 106 S.Ct. 2968, 2979, 92 L.Ed.2d 266 (1986) (assuming that gambling is not speech and may be regulated or forbidden). The judgment of the district court is accordingly AFFIRMED.