974 F.2d 1340
 NOTICE: Seventh Circuit Rule 53(b)(2) states unpublished orders shall not be cited or used as precedent except to support a claim of res judicata, collateral estoppel or law of the case in any federal court within the circuit.
Laron McKINLEY and David Erving, Plaintiffs/Appellants,
v.
James P. MURPHY, Kyle Davidson and Chris Merigold,
Defendants/Appellees.
 No. 91-1618.
 United States Court of Appeals, Seventh Circuit.
 Submitted April 27, 1992.*
Decided May 11, 1992.
 
 Before FLAUM and EASTERBROOK, Circuit Judges, and FAIRCHILD, Senior Circuit Judge.
 
 ORDER
 
 1
 Laron McKinley and David Erving, inmates at the Columbia Correctional Institution in Wisconsin, filed a civil rights action against certain employees at Columbia, alleging Eighth Amendment, due process, and equal protection violations during the period that McKinley and Erving were placed on cup and lower-trap restriction and given bag meals consisting of cold food with no utensils.[1] They asked the court for leave to proceed in forma pauperis. 28 U.S.C. § 1915(a). The district court granted them in forma pauperis status on their Eighth Amendment claim that the bag meals that they were fed were nutritionally inadequate but denied it on their other claims. McKinley and Erving filed a motion for reconsideration, noting that the district court had not addressed their due process claim. The district court denied them leave to proceed in forma pauperis on the due process claim and refused to alter its decision on the claims it had previously decided. The district court subsequently granted the defendants' motion for summary judgment, finding that the bag meals were nutritionally adequate and did not cause any health problems. McKinley and Erving only appeal the denial of leave to proceed in forma pauperis on their due process claim.
 
 
 2
 In Aiello v. Kingston, 947 F.2d 834 (7th Cir.1991), we held that when a complaint presents several theories of relief against the same defendant, a district court must grant or deny leave to proceed in forma pauperis with respect to all of the claims in the complaint. Id. at 836. Although in Aiello the district court erred in denying in forma pauperis on some, but not all, issues, this court found that error harmless. In the instant case, the district court did not have the benefit of our decision in Aiello. Nonetheless, as in Aiello, here the district court's "mistake is not significant." Id. (reversal is not required where the district court has carved out a frivolous or malicious claim under the standard enunciated in Neitzke v. Williams, 490 U.S. 319, 325 (1989)--where a claim "lacks an arguable basis either in fact or in law").
 
 
 3
 The district court found that it did not need to reach the issue of whether there is a liberty interest for minor misconduct that triggers the constitutional right to due process since "there is no process, however great, that can legitimize imposition of a penalty that is considered cruel and unusual under the Eighth Amendment." Order of Sept. 21, 1990 at 5. To the extent that a substantive due process claim was raised, the district court found that it was not free to analyze the claim that the bag meals were nutritionally inadequate under the due process clause since it was an Eighth Amendment claim. See Graham v. Connor, 490 U.S. 386, 395 (1989) (in analyzing a section 1983 claim, the explicit textual source of constitutional protection, "not the more generalized notion of 'substantive due process,' must be the guide").
 
 
 4
 On appeal, McKinley and Erving argue that the imposition of a bag meal diet is a punitive measure that implicates the due process protections required by Wolff v. McDonnell, 418 U.S. 539, 563-65 (1974). They also argue that Wisconsin law creates both a substantive due process right as well as a liberty or property interest in remaining free from the arbitrary or capricious imposition of punitive bag diets.
 
 
 5
 The district court correctly found that the bag meal issue was subsumed by the Eighth Amendment claim and therefore could not state a claim of substantive due process. United States v. Marshall, 908 F.2d 1312, 1320 (7th Cir.1990) ("Substantive due process ... is least applicable when a provision of the Constitution directly addresses the subject"). With regard to the procedural due process claim, a complaint that alleges interference with a protected liberty or property interest by the State must first establish a legitimate claim of entitlement to the interest created either by the due process clause itself or by state law. Kentucky Dept. of Corrections v. Thompson, 490 U.S. 454, 460 (1989). While inmates have a right to a nutritionally adequate diet, Woods v. Thieret, 903 F.2d 1080, 1082 (7th Cir.1990) ("prison officials have a responsibility to provide inmates with a minima of food, shelter and basic necessities"), they have no constitutional right to be served a particular type of meal. Burgin v. Nix, 899 F.2d 733, 734-35 (8th Cir.1990).
 
 
 6
 McKinley and Erving point to language in the regulations that the same diet as provided to the general population "shall" be provided to inmates in segregation, arguing that such mandatory language creates a liberty interest.[2] Perhaps it can be argued that those regulations merely require compliance with an inmate's right to a nutritionally adequate diet, elsewhere guaranteed to all prisoners. See Wis.Admin.Code § DOC 309.37(1). The district court, in its Eighth Amendment analysis, granted summary judgment that the bag meals were nutritionally adequate.
 
 
 7
 Assuming, however, that the regulations require that prisoners in segregation receive the same meals, we conclude that this does not create a liberty interest such that bag meals cannot be substituted without due process until the prisoner promises not to engage in disruptive behavior. Not "every state action carrying adverse consequences for prison inmates automatically activates a due process right." Moody v. Daggett, 429 U.S. 78, 88 n. 9 (1976). The Supreme Court has suggested that the due process protections required by Wolff v. McDonnell are not triggered by "lesser penalties." Baxter v. Palmigiano, 425 U.S. 308, 323 (1976) (citing Wolff, 418 U.S. at 572 n. 19.
 
 
 8
 Because there was no entitlement, either constitutional or statutory, sufficient to invoke due process, Moody, 429 U.S. at 88 n. 9, the judgment of the district court is AFFIRMED.
 
 
 
 *
 After preliminary examination of the briefs, the court notified the parties that it had tentatively concluded that oral argument would not be helpful to the court in this case. The notice provided that any party might file a "Statement as to Need of Oral Argument." See Fed.R.App.P. 34(a); Circuit Rule 34(f). No such statement having been filed, the appeal has been submitted on the briefs
 
 
 [1]
 The lower-trap and bag lunch restrictions are imposed on inmates who engage in disruptive behavior such as refusing to return meal trays or throwing liquids at the staff. The minimum restriction period of 30 days is lifted when the inmate is either found innocent or submits a written request for removal of the restrictions and promises not to engage in disruptive behavior
 
 
 [2]
 Wis.Admin.Code §§ DOC 303.69(2), 303.70(2), and 303.71(3) provide that inmates in segregation will receive the same diet as provided to the general population