**Serafin FLORES, Plaintiff,**

v.

**COOK COUNTY JAIL the MEDICAL STAFF and Menard Correction Center Medical Center, Defendants.**

**No. 92 C 2990.**

United States District Court, N.D. Illinois, E.D.

May 15, 1992.

---

Serafin Flores, pro se.

## MEMORANDUM OPINION AND ORDER

SHADUR, District Judge.

Serafin Flores ("Flores"), a prisoner at Menard Correctional Center ("Menard"), has submitted a self-prepared Complaint under 42 U.S.C. § 1983 ("Section 1983") against unnamed defendants that he describes as "Cook County Jail Medical Staff" and "Menard Corretion [sic] Center Medical Staff." Because Flores has not tendered the required filing fee together with his Complaint, it seems most likely that he would like permission to proceed without such payment as a poor person. Even though he has also not included (1) the necessary form of application in that respect (reflecting the appropriate showing of poverty) or (2) the required multiple copies of the papers for service on defendants, if this Court were to delay the process to await those items that would only put off the inevitable partial dismissal and then transfer of the case. This opinion therefore follows a different course.

Here, set out in full to avoid any misunderstanding, is what Flores alleges in the Complaint (copied verbatim):

> In the Cook County Jail I went to the Cook County Hospital for a surgery for a bleeding fisher but ever sinces they made the surgery my *retum* & my smochact has not been the same. I can't hold no food or do nothing with out it hurting and dischargeing fluids. Because of there action I have the same problems and the medical staff here they seem to be avoiding my medical treatment and reileaf for my *pains.* And medication to realeaf my of such pain and againee and suffering.

And here is what Flores defines as the relief that he seeks (again copied verbatim):

> I would like to get prouper medical treatment or if not I would like to do something about this problem. Thank you for you time.

In *Aiello v. Kingston,* 947 F.2d 834, 836 (7th Cir.1991) as amplified in *House v. Belford,* 956 F.2d 711, 718–19 (7th Cir.1992), our Court of Appeals has changed the ground rules for in forma pauperis filings to permit a defendant-by-defendant scrutiny of a complaint rather than an all-or-nothing examination to see whether anything in the complaint survives the non-"frivolous" legal standard articulated by *Neitzke v. Williams,* 490 U.S. 319, 109 S.Ct. 1827, 104 L.Ed.2d 338 (1989) and repeated earlier this month in *Denton v. Hernandez,* — U.S. —, 112 S.Ct. 1728, 118 L.Ed.2d 340 (1992). This Court turns to that task briefly.

■ As for the "Cook County Jail Medical Staff," if and to the extent that Flores asks for mandatory injunctive relief against anyone fitting that description, the case is really moot. Flores is no longer housed in that facility, and the state authorities now have jurisdiction over him at Menard, so that the local Cook County people do not have any ability to provide such a remedy.

■ But suppose that the Complaint is read even more charitably than the law requires (see *Haines v. Kerner,* 404 U.S. 519, 520–21, 92 S.Ct. 594, 595–96, 30 L.Ed.2d 652 (1972) (per curiam) and *Hishon v. King & Spalding,* 467 U.S. 69, 73, 104 S.Ct. 2229, 2232–33, 81 L.Ed.2d 59 (1984)),

by viewing its statement that "I would like to do something about this problem" as a prayer seeking damages under Section 1983. On that score, Flores' effort to bring federal jurisdiction into play founders because the only potential federal source for such relief—the Eighth Amendment's protection against "cruel and unusual punishment"[1]—is not implicated by medical care that may simply have gone awry, rather than deliberately inflicted punishment or its equivalent in the form of a reckless disregard of the prisoner's serious medical needs (see the extraordinarily narrow reading of prisoners' Eighth Amendment claims in *McGill v. Duckworth*, 944 F.2d 344, 347–52 (7th Cir.1991)). Medical malpractice on the part of the Cook County personnel, the worst conclusion that could be drawn by giving Flores' complaint the broadest possible reading with all favorable inferences, is not actionable under the Eighth Amendment.

What remains, then, is a claim by a prisoner at Menard—in the Southern District of Illinois—brought against unidentified defendants in the same location, asking relief that must perforce be provided there if at all. This District Court is not the proper venue for such a claim. Accordingly this Court:

1. denies Flores leave to file in forma pauperis against the "Cook County Jail Medical Staff," dismissing the Complaint as to them;

2. provisionally grants Flores leave to file in forma pauperis against the "Menard Correctional Center Medical Staff"; and

3. transfers this action as to those defendants to the United States District Court for the Southern District of Illinois under 28 U.S.C. § 1406(a).

That Court can then determine whether or not (and on what terms) the provisional grant of in forma pauperis status against the Menard personnel should be made unconditional, by addressing the other deficiencies in Flores' submission: the absence of a supporting in forma pauperis petition, the absence of the necessary added copies for service, the need to name identifiable defendants and any other matters that require curing.

---

1. This opinion follows the conventional practice of referring to the underlying Bill of Rights provision, rather than employing the more accurate reference to the Fourteenth Amendment's Due Process Clause, which has been construed to incorporate the Bill of Rights' guaranties against state actors such as defendants here.