979 F.2d 853
 NOTICE: Seventh Circuit Rule 53(b)(2) states unpublished orders shall not be cited or used as precedent except to support a claim of res judicata, collateral estoppel or law of the case in any federal court within the circuit.
Ervie GRAY, Plaintiff-Appellant,
v.
Officer Steven HOUSER, Defendant-Appellee.
 No. 88-2834.
 United States Court of Appeals, Seventh Circuit.
 Submitted Nov. 9, 1992.*
Decided Nov. 19, 1992.
 
 Appeal from the United States District for the Western District of Wisconsin, No. 87 C 527; Barbara B. Crabb, Chief Judge.
 
 
 1
 W.D.Wis.
 
 
 2
 AFFIRMED.
 
 ORDER
 
 3
 Plaintiff, Ervie Gray, an inmate at the Columbia Correctional Institution in Portage, Wisconsin, filed suit under 42 U.S.C. § 1983, alleging various violations of his constitutional rights. The majority of plaintiff's claims were either dismissed pursuant to 28 U.S.C. § 1915(d) or determined on summary judgment. Appointed counsel represented plaintiff at trial on the remaining Eighth Amendment claim of excessive force. The jury returned a special verdict in favor of the defendant, and the district court entered judgment.
 
 
 4
 Plaintiff appeals the judgment alleging that but for the ineffective assistance of his trial counsel the verdict would have been in his favor. In addition, Mr. Gray appeals the order granting summary judgment on his claims of destruction or deprivation of property and invasion of privacy. He also appeals the denial of leave to proceed in forma pauperis on his claims of inadequate medical care, unfit food, and conditions of confinement. For the following reasons, we affirm the district court.
 
 I. ANALYSIS
 A. Ineffective Assistance of Counsel
 
 5
 Mr. Gray claims that trial counsel's ineffective assistance was the sole reason for the jury verdict rendered in favor of the defendant. However, the Sixth Amendment guarantee of effective assistance of counsel does not apply in civil cases. Barkauskas v. Lane, 946 F.2d 1292, 1294 (7th Cir.1991); Wolfolk v. Rivera, 729 F.2d 1114, 1119 (7th Cir.1984).
 
 B. Review of Jury Verdict
 
 6
 In addition to his request for a new trial based on his claim of ineffective assistance of counsel, Mr. Gray baldly asserts that the district court erred in entering judgment upon the special verdict. We interpret this as an appeal of the jury's verdict. An appellant who seeks review of a jury verdict has the responsibility to file the transcript of the lower court proceeding on appeal. Fed.R.App.P. 10; Fisher v. Krajewski, 873 F.2d 1057, 1069, (7th Cir.1989), cert. denied, 493 U.S. 1020 (1990). In this case, however, the appellant has failed to satisfy that obligation. Because the trial transcript is absent from the record on appeal, it is impossible for us to conduct a review.
 
 C. Review of Summary Judgment
 
 7
 Plaintiff asserts error in the grant of summary judgment on his claims of deprivation of property and invasion of privacy. We review a grant of summary judgment de novo and will affirm if it appears from the record that no genuine issue of material fact exists and that the movant was entitled judgment as a matter of law. See Fed.R.Civ.P. 56(c); Lister v. Stark, 942 F.2d 1183, 1187 (7th Cir.1991).
 
 1. Destruction or Confiscation of Property
 
 8
 Plaintiff states that defendants searched his cell and destroyed or removed various items of personal property. Even if this were true, plaintiff's claim fails. In the prison context, even an unauthorized intentional deprivation of property does not amount to a constitutional violation where an adequate post-deprivation remedy is available. Zinermon v. Burch, 494 U.S. 113, 129 (1990); Hudson v. Palmer, 468 U.S. 517, 533 (1984). based on the reasoning that the existence of adequate post-deprivation remedies under state law, WIS.STAT. §§ 810.01, 893.35, 893.51, & 893.52 (1990), precluded plaintiff's claim, summary judgment was granted defendants. In addition, plaintiff failed to dispute that the conduct of the defendants was unauthorized or that predeprivation procedural safeguards were impractical. See Hudson, 468 U.S. at 533-34. Thus, summary judgment was properly granted.
 
 2. Invasion of Privacy
 
 9
 Defendants were granted summary judgment on the right to privacy claim because plaintiff did not prove how his privacy was invaded by the female guards nor the dates during which he was in the observation cell. A party adverse to a summary judgment motion, who bears the burden of proof on a particular issue, may not merely rest on the pleadings but must affirmatively demonstrate that a genuine issue of material fact exists. See Fed.R.Civ.P. 56(c); McMillian v. Svetanoff, 878 F.2d 186, 188 (7th Cir.1989); Celotex Corp. v. Catrett, 477 U.S. 317, 324 (1986).
 
 
 10
 Simply urging that the court find the assignment of female guards at the institution to third shift six out of nine nights as constituting unrestricted and frequent surveillance is not sufficient to put a material fact in dispute. Absent specific factual allegations, the court appropriately concluded that the mere presence of female officers in the control unit was not a violation of plaintiff's right to privacy. See Grummett v. Rushen, 779 F.2d 491, 494-95 (9th Cir.1985) (no invasion of privacy where female guards are not assigned to positions requiring unrestricted and frequent surveillance, but rather to positions requiring only infrequent and casual observation of prisoners in their cells); Hudson, 468 U.S. at 529 (a right of privacy is "fundamentally incompatible with the close and continual surveillance of inmates and their cells required to ensure institutional security and internal order.") Accordingly, the grant of summary judgment is affirmed.
 
 D. 28 U.S.C. § 1915(d) Dismissals
 
 11
 On appeal, plaintiff challenges only the denial to proceed on his claims of inadequate medical care, conditions of confinement, and unfit food.[1] 28 U.S.C. § 1915(d) allows a judge to dismiss a claim as frivolous if its factual allegations or legal conclusions lack "an arguable basis either in law or fact." Williams v. Faulkner, 837 F.2d 304, 308 (7th Cir.1988), aff'd sub nom. Neitzke v. Williams, 490 U.S. 319, 325 (1989). The plaintiff's factual allegations must be weighed in favor of the plaintiff and can be dismissed as frivolous only if the facts alleged are clearly baseless. Neitzke, 490 U.S. at 327. Additionally, plaintiff was proceeding pro se at this stage; therefore, his complaint will be liberally construed. Haines v. Kerner, 404 U.S. 519, 521 (1972).
 
 
 12
 In denying plaintiff leave to proceed in forma pauperis, the district court applied the test of failure to state a claim upon which relief could be granted under federal law.[2] (Order of July 20, 1987, at 4). However, "a complaint which fails to state a claim under Federal Rule of Civil Procedure 12(b)(6) may nonetheless have 'an arguable basis in law' precluding dismissal under § 1915(d)." Denton v. Hernandez, 112 S.Ct. 1728, 1733 (1992) (citing Neitzke, 490 U.S. at 328-29)). Applying the more lenient standard, we review plaintiff's complaint to determine whether the district court abused its discretion in dismissing plaintiff's Eighth Amendment claims. Denton, 112 S.Ct. at 1734.
 
 1. Denial of Medical Care
 
 13
 First we address plaintiff's claim for inadequate medical attention. Prison officials are obligated to provide inmates with "a medical care system that meets minimal standards of adequacy." Wellman v. Faulkner, 715 F.2d 269, 271 (7th Cir.1983), cert. denied, 468 U.S. 1217 (1984). Plaintiff asserts that he was denied medical attention for an injury to his right arm, however, his complaint did not state the extent of the injury. Refusing to speculate as to its seriousness, the district court dismissed the claim.
 
 
 14
 Although we find the allegations stated an arguable basis in support of an Eighth Amendment claim, denial to proceed in forma pauperis on this claim does not call for reversal. See Fed.R.Civ.P. 61. Defendants tangentially addressed the adequacy of medical attention in their defense of the excessive use of force claim. The record reveals that plaintiff's claim of inadequate medical attention would not have survived summary judgment.
 
 
 15
 Plaintiff received medical care for his arm approximately two weeks after the injury. The medical reports indicate that the abrasion did not require treatment and that the plaintiff suffered no obvious impairment of motion or sensation. This was clearly not a "serious medical need" the neglect of which would satisfy the Eighth Amendment. See Estelle v. Gamble, 429 U.S. 97, 106 (1976). In addition, there is no support for finding a culpable state of mind in depriving plaintiff of medical attention. Hudson v. McMillian, 112 S.Ct. 995, 999 (1992) (requiring both that the alleged wrongdoing was objectively serious enough to establish a constitutional violation and that the prison officials acted with a sufficiently culpable state of mind.) Moreover, plaintiff states that although authorized to amend his complaint to include a claim for inadequate medical attention, under advice of counsel he did not do so. Therefore, although the district court applied a stricter test for dismissal, we find the error harmless.
 
 2. Food
 
 16
 Plaintiff alleged that prison officials deliberately served him "unfit food" and spoiled milk. Prison officials are required to provide inmates with " 'nutritionally adequate food that is prepared and served under conditions which do not present an immediate danger to the health and well being of the inmates who consume it.' " French v. Owens, 777 F.2d 1250, 1255 (7th Cir.1985) (quoting Ramos v. Lamm, 639 F.2d 559, 570-71 (10th Cir.1980)), cert. denied, 479 U.S. 817 (1986); Woods v. Thieret, 903 F.2d 1080, 1082 (7th Cir.1990).
 
 
 17
 The district court denied leave to proceed, determining that the allegations were insufficient regarding how the food was "unfit," and how receipt of spoiled milk for a week would rise to the level of a constitutional deprivation. (Order of July 20, 1987, at 8). We agree that whether the food was "unfit" is uncertain. There was also no allegation that the "unfit" food posed an immediate danger to plaintiff. Although plaintiff's complaint stated that he suffered a jaw infection for which he was prescribed penicillin, he does not allege that the "unfit food" was a cause of this infection until appeal.[3] Furthermore, plaintiff failed to replead this claim even though denial of leave to proceed was without prejudice.
 
 
 18
 Additionally, plaintiff alleges in his appellate brief the routine receipt of deliberately contaminated food as a form of retaliation on the part of prison officials for his, at least, partially successful attempts to exercise his constitutional right of access to the court. However, because these allegations are raised for the first time on appeal, they are not properly before this court for resolution. Toro v. Fairman, 940 F.2d 1065, 1067 (7th Cir.1991), cert. denied, 112 S.Ct. 3038 (1992); Kensington Rock Island v. American Eagle Hist. Partners, 921 F.2d 122 (7th Cir.1990). Accordingly, we conclude that the district court did not abuse its discretion in dismissing plaintiff's claim of an Eighth Amendment violation through receipt of unfit food.
 
 3. Conditions of Confinement
 
 19
 Plaintiff also asserts error in the dismissal of his claim that the conditions of the detention and segregation cell, which he was confined to for 72 hours, violated the Eighth Amendment. He claims that he was placed in the control cell as punishment following a strip search incident where he spit in a prison officer's face. Although conditions of confinement that "involve the wanton and unnecessary infliction of pain" or that are "grossly disproportionate to the severity of the crime warranting imprisonment," Rhodes v. Chapman, 452 U.S. 337, 347 (1981), may constitute cruel and unusual punishment, this is not a case of extreme deprivations. McMillian, 112 S.Ct. at 1000.
 
 
 20
 In Harris v. Fleming, 839 F.2d 1232 (7th Cir.1988), a case similar to this one, this court found that being denied hygienic items for a period of ten days and being forced to live in a filthy, roach-infested cell in the segregation unit did not constitute an Eighth Amendment violation. The conditions were temporary, affected only one inmate, and plaintiff failed to show deliberate or reckless disregard on the part of prison officials. Id. at 1235. Although plaintiff disputes the reason he was placed in the control observation cell, the record clearly indicates that the strip search and ensuing "dry cell" confinement was to ascertain whether plaintiff had consumed or otherwise hid the handcuff key on his person. Under these circumstances, three days in a dry segregation cell without toilet paper, hygienic products, or clothing, other than underpants, fails to constitute "extreme deprivation" sufficient to violate the Eighth Amendment. Therefore, we agree that plaintiff's claim of punitive use of the control cell is baseless and that plaintiff's conditions of confinement claim is also without merit. Accordingly, we AFFIRM the district court's dismissal under 28 U.S.C. § 1915(d).
 
 II. CONCLUSION
 
 21
 The district court did not err in denying leave to proceed in forma pauperis on plaintiff's claim of an Eighth Amendment violation of conditions of confinement while in the controlled observation cell, on his claim of inadequate medical care, or on the claim of deliberate service of "unfit food." In addition, the grant of summary judgment on claims of deprivation or destruction of property and invasion of privacy is affirmed. Finally, we find no merit in appellant's ineffective assistance of counsel claim and decline to review the jury verdict for lack of a complete appellate record.
 
 
 22
 AFFIRMED.
 
 
 
 *
 After preliminary examination of the briefs, the court notified the parties that it had tentatively concluded that oral argument would not be helpful to the court in this case. The notice provided that any party might file a "Statement as to Need of Oral Argument." See Fed.R.App.P. 34(a); Circuit Rule 34(f). Appellant has filed such a statement and requested oral argument. Upon consideration of that statement, the briefs, and the record, the request for oral argument is denied and the appeal is submitted on the briefs and record
 
 
 [1]
 We note first that there is no need for reversal simply because the district court carved out of the case some claims before allowing leave to proceed in forma pauperis on claims which presented a rational argument in law or fact. House v. Belford, 956 F.2d 711, 719 (7th Cir.1992); Aiello v. Kingston, 947 F.2d 834, 836 (7th Cir.1991)
 
 
 [2]
 The order was issued prior to this court's decision in Williams v. Faulkner, 837 F.2d 304, 307 (7th Cir.1988), in which the test for a § 1915(d) dismissal was noted to be less stringent than the test for a Rule 12(b)(6) dismissal
 
 
 [3]
 In fact, his complaint lists the jaw infection in the same claim paragraph alleging a violation of conditions of confinement. The claim for "unfit food" was contained in two separate paragraphs (one for "unfit food" and one for spoiled milk). This suggests that the jaw infection was unrelated to the food claim