19 F.3d 22
 NOTICE: Seventh Circuit Rule 53(b)(2) states unpublished orders shall not be cited or used as precedent except to support a claim of res judicata, collateral estoppel or law of the case in any federal court within the circuit.
Daryl A. SCHULTZ and Norita J. SCHULTZ, Plaintiffs-Appellants,
v.
DIVERSIFIED FINANCIAL PLANNERS INCORPORATED, et al.,
Defendants-Appellees.
 No. 93-1023.
 United States Court of Appeals, Seventh Circuit.
 Submitted Feb. 2, 1994.*
Decided March 2, 1994.
Rehearing Denied April 1, 1994.
 
 Before CUDAHY, EASTERBROOK and MANION, Circuit Judges.
 
 Order
 
 1
 Dissatisfied with the results of their bankruptcy, Daryl and Norita Schultz have embarked on a vigorous campaign of litigation against all who crossed their paths. Understandably distressed by the Schultzes' refusal to acknowledge that the bankruptcy case has been finally resolved, see 956 F.2d 686 (7th Cir.1992), the district court denied the Schultzes leave to proceed in forma pauperis and dismissed their complaint as frivolous under 28 U.S.C. Sec. 1915(d). "Frivolous" is an apt description of Claim 1 of the complaint, which expressly contests rulings made in the bankruptcy action. But Claim 2 is not so easily dispatched.
 
 
 2
 Claim 2 narrates some bankruptcy-related events, such as the eviction of plaintiffs from their business property. The outcome of the bankruptcy case prevents any further litigation on this score. But paragraph 5 of Claim 2 asserts that "on June 20, 1991 Defendants Diversified Financial Planners, Inc. and Stephen L. Reames, Sheriff caused [Daryl Schultz] to be falsely arrested and imprisoned." Such a claim of a violation of the fourth amendment, and implicitly of conspiracy between public and private actors, actionable under 42 U.S.C. Sec. 1983, cannot immediately be lumped with the bankruptcy case--at least, not on the face of the complaint, which, as Fed.R.Civ.P. 8 allows, is skeletal. Certainly it cannot be thought beyond the pale under the standards of Denton v. Hernandez, 112 S.Ct. 1728 (1992), and Nietzke v. Williams, 490 U.S. 319 (1989).
 
 
 3
 When dismissing the entire complaint as frivolous, the district court referred by docket number to nine other cases the Schultzes have filed. Perhaps one of these disposes of any fourth amendment claim based on the events of June 20, 1991. But nothing in the record before us demonstrates this, and the district court did not mention the subjects covered by the earlier cases. We therefore must remand for further proceedings. If the current claim is barred by principles of preclusion, the district court should identify the preclusive litigation specifically. If the current claim is not so barred, the district court should determine whether the plaintiffs are indigent and permit the litigation to proceed after carving off frivolous claims to the extent appropriate under Aiello v. Kingston, 947 F.2d 834 (7th Cir.1991).
 
 
 4
 The Schultzes' obdurate refusal to accept the result of the bankruptcy case, coupled with the bankruptcy theme that runs through the complaint, leads us to wonder whether the events of June 20, 1991, also had something to do with the bankruptcy--if, perhaps, Daryl Schultz had to be removed from property that was sold in the bankruptcy case. If paragraph 5 of Claim 2 turns out to be just one more collateral attack on the bankruptcy, then the district court not only should dismiss the case but also should consider imposing sanctions under Fed.R.Civ.P. 11; the district court also should consider enjoining the Schultzes from filing additional cases without prepayment of fees and costs (and, perhaps, without posting a bond to protect the defendants from the costs imposed by the Schultzes' campaign). See Anderson v. Steers, Sullivan, McNamar & Rogers, 998 F.2d 495 (7th Cir.1993). We leave these matters to be explored further on remand.
 
 
 5
 One final note. After dismissing the complaint as frivolous, the district court certified that the appeal is not frivolous. As we have pointed out before, the entry of such inconsistent findings is improper. See Lucien v. Roegner, 682 F.2d 625 (7th Cir.1986); cf. Johnson v. Gramley, 929 F.2d 350 (7th Cir.1991). We trust that the district court will desist from this practice.
 
 
 6
 VACATED AND REMANDED.
 
 
 
 *
 After preliminary examination of the briefs, the court notified the parties that it had tentatively concluded that oral argument would not be helpful to the court. The notice provided that any party might file a "Statement as to Need of Oral Argument." See FED.R.APP.P. 34(a), circuit Rule 34(f). No such statement has been filed, so the appeal is submitted for decision on the briefs and record