**Janice Johnson KUHN, Plaintiff–Appellant,**

v.

**John F. FINNEGAN and the Chubb Group of Insurance Companies, Inc., Defendants–Appellees.**

**No. 04–3578.**

United States Court of Appeals, Seventh Circuit.

Submitted March 2, 2005.*

Decided March 2, 2005.

Janice J. Kuhn, Tigerton, WI, pro se.

Emily B. Di Ulio, Borgelt, Powell, Peterson & Frauen, Milwaukee, WI, for Defendants–Appellees.

Before BAUER, RIPPLE, and ROVNER, Circuit Judges.

## ORDER

Janice Kuhn filed a rambling and barely comprehensible complaint in district court, seeking over $105 million for violations of state law and the Racketeer Influenced and Corrupt Organizations Act (RICO) arising from the defendants' refusal to pay several insurance claims made by a company she owned. The district court dismissed all of the claims as untimely and sanctioned Kuhn $500 under Fed.R.Civ.P. 11(c). Kuhn appeals and we affirm.

The facts alleged by Kuhn are unclear, but it appears that in 1977 she became the owner and president of Milwaukee Auction Galleries, Ltd. (MAG), a company that sold property on consignment. Kuhn says that in 1989 MAG's accountant informed her that over $600,000 was missing from the company's accounts, and that MAG's insurance broker (who is not a party to this

---

* After an examination of the briefs and the record, we have concluded that oral argument is unnecessary. Thus, the appeal is submitted on the briefs and the record. *See* Fed. R.App. P. 34(a)(2).

case) told MAG that it was not insured against such a loss. Shortly after the accountant's discovery, Kuhn was indicted (and ultimately convicted) for stealing money from MAG and its clients. *State v. Kuhn,* 178 Wis.2d 428, 504 N.W.2d 405 (1993). The present appeal arises out of Kuhn's ongoing attempts to receive payments from MAG's insurer, Federal Insurance Company (a subsidiary of Chubb), apparently on the theory that the lost money was actually embezzled by a dishonest employee. Kuhn's complaint stated that in 1991 she "realized [she] did indeed have insurance" for MAG's 1989 losses. But she waited until 2004 to file a claim with Federal, which promptly denied it. Kuhn also seems to allege that another $200,000 disappeared from MAG's bank accounts in 1980; she filed an insurance claim in 1992 and that claim likewise was denied.

■ We must address one procedural matter before turning to the merits. Kuhn applied for leave from the district court to proceed in forma pauperis on appeal. *See* 28 U.S.C. § 1915(a)(3). The district court issued an order purporting to grant leave on the question whether its sanctions were appropriate but deny it on the issue of the dismissal itself, reasoning that any argument Kuhn might raise would be frivolous. But a district court must grant or deny leave to proceed in forma pauperis in its entirety, rather than granting leave on certain issues and denying it on others. *Dixon v. Pitchford,* 843 F.2d 268, 269–70 (7th Cir.1988); *see also Aiello v. Kingston,* 947 F.2d 834, 835 (7th Cir.1991). Because the district court granted Kuhn's application to proceed in forma pauperis in part, we will consider both the dismissal of the complaint and the order granting sanctions to be properly before us.

■ Turning to the merits, Kuhn does not specifically argue that the district court erred in finding her claims untimely. But even if she had, we would conclude that the district court properly dismissed the case. Kuhn admits she discovered the 1980 loss no later than 1992 and discovered the 1989 loss no later than 1991. Leaving to one side whether she should have discovered the missing funds earlier, *see Barry Aviation Inc. v. Land O'Lakes Mun. Airport Comm'n,* 377 F.3d 682, 688 (7th Cir.2004), the dates Kuhn provides in her complaint show that her 2004 lawsuit came well after the expiration of the 4–year statute of limitations for a RICO claim, *Fujisawa Pharm. Co. v. Kapoor,* 115 F.3d 1332, 1338 (7th Cir.1997), and the 6–year statute of limitations for a Wisconsin breach of contract claim, Wis. Stat. § 893.43. To the extent Kuhn stated a claim for negligence or an intentional tort, those claims are likewise time-barred. *See* Wis. Stat. § 893.54 (negligence claim must be brought within three years); Wis. Stat. § 893.57 (intentional tort claim must be brought within two years). Moreover, even if Kuhn's claims were timely she seems to be trying to collect payments on insurance policies issued to MAG, and any claims would appear to belong to MAG rather than to her personally.

■ Kuhn also challenges the district court's award of sanctions. The district court concluded that "[t]he attempt to state a claim against an insurance company and its president for losses incurred by a defunct corporation some fifteen years ago was not warranted under existing law and no non-frivolous argument for the extension of existing law can justify it." Kuhn argues that she should not have been sanctioned because she had been the victim of some unspecified fraud by the defendants. But this argument does not address the court's conclusion that her

claims were frivolous because they were filed years after the applicable statutes of limitations expired, and we cannot say that the district court abused its discretion by imposing sanctions. *See Vollmer v. Selden,* 350 F.3d 656, 659 (7th Cir.2003).

AFFIRMED.